Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 03 C 2032 | DATE | 9/23/2003 |
| CASE TITLE | Brach's Confections, Inc. vs. Eric Keller, et al | | |
| MOTION: | [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.] | | |

DOCKET ENTRY:

1) ☐ Filed motion of [ use listing in "Motion" box above.]
2) ☐ Brief in support of motion due _____ .
3) ☐ Answer brief to motion due_____ . Reply to answer brief due_____ .
4) ☐ Ruling/Hearing on _____ set for _____ at _____ .
5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____ .
6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____ .
7) ☐ Trial[set for/re-set for] on _____ at _____ .
8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____ .
9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

10) ■ [Other docket entry] ENTER MEMORANDUM OPINION AND ORDER: Keller's motion to dismiss is denied [9-1], and Brach's motion for default judgment is granted in part and denied in part [8-1]. Status hearing date of 10/10/03 at 9:30a.m. to stand.

11) ■ [For further detail see order attached to the original minute order.]

| No notices required, advised in open court. | | | | Document Number |
|---|---|---|---|---|
| No notices required. | | | number of notices | |
| Notices mailed by judge's staff. | | | SEP 24 2003 | |
| Notified counsel by telephone. | | | date docketed | |
| Docketing to mail notices. | | | | |
| Mail AO 450 form. | | U.S. DISTRICT COURT | docketing deputy initials | |
| Copy to judge/magistrate judge. | | CLERK | | |
| | | 03 SEP 24 AM 8:25 | date mailed notice | |
| TBK | courtroom deputy's initials | | | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| BRACH'S CONFECTIONS, INC., | ) | |
| | ) | **DOCKETED** |
| Plaintiff | ) | **SEP 2 4 2003** |
| | ) | |
| vs. | ) Case No. 03 C 2032 | |
| | ) | |
| ERIC KELLER and CANDY SITES, LLC, | ) | |
| | ) Judge Ronald Guzman | |
| Defendants. | ) | |
| | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Brach's Confections, Inc. ("Brach's"), a Delaware corporation with its principal places of business in the Northern District of Illinois and Chattanooga, Tennessee, has filed a six-count complaint alleging cybersquatting, trademark infringement, federal false designation and unfair competition under the Lanham Act, as well as violations of the Illinois Trademark Dilution Act, Consumer Fraud and Deceptive Business Practices Act and the Illinois Uniform Deceptive Trade Practices Act against defendants Eric Keller ("Keller"), a New Jersey resident, and Candy Sites, LLC ("Candy Sites"), a New Jersey corporation. Keller moves to dismiss Brach's complaint for lack of personal jurisdiction and improper venue against both defendants pursuant to Fed. R. Civ. P. 12(b)(2) & (3). Additionally, Brach's moves for default judgment against both defendants. For the reasons set forth below, Keller's motion to dismiss is denied. Brach's motion for default judgment against Candy Sites is granted and its motion for default judgment against Keller is denied.

## BACKGROUND FACTS

The complaint at issue relates to the use of trademarks and other related images on a website by a party not associated with the trademark holder. Specifically, Plaintiffs allege that defendants unlawfully registered and used the names: Brachs.org; Brachs.net; Brach.us; Brachcandy.com; Brachsconfections.com; Brachscandies.com; Brachscandy.net; Brachsoutlet.com; and Brachswholesale.com (Compl., ¶ 1).

Defendant Keller is CEO, president and/or sole director and owner of Candy Sites, LLC, directing and controlling the activities of that corporation. As part of those activities Keller maintains various websites, including ebulkcandy.com for which he is the registered agent and part owner. From these "interactive" websites, consumers may purchase various of Brach's products, in addition to other manufacturers' products, by clicking on a link that automatically generates an e-mail to info@ebulkcandy.com to which consumers add a list of desired product. Payment can be made either using the internet payment service PayPal® or by sending a check to ebulkcandy.com, P.O. Box 98, Morrisville, Pennsylvania 19067. The websites in question are not directed to consumers in any one state. At least four purchases have been made from the websites by Illinois consumers, as documented on ebulkcandy.com's comment bulletin board.

The websites also include graphic images of various of Brach's trademarks including Brach's®, StarBrites® and other related marks owned by the plaintiff. Other images copied from Brach's website and other promotional materials are also included on the defendant's websites. At no point did Brach's grant Keller or Candy Sites permission to use its trademarks, graphic images or other related material.

When Plaintiff sought to serve Keller with this complaint in his individual capacity as

well as his capacity as an officer of Candy Sites, Keller repeatedly made efforts to avoid service, ranging from refusing mail service to refusing to accept service through a car window when confronted by a process server. In the last instance, the process server left the two sets of summons and complaint for both Keller and Candy Sites by the car containing the defendant on May 16, 2003. When the process server returned a short while later both Keller and the summonses and complaints had left the site of the car. Subsequently, Keller has had contact with the clerk of this court, entered a motion to dismiss, and appeared before this court on July 29, 2003 to argue the merits of his case.

## DISCUSSION

### I. Motion to Dismiss

Because this is federal question case, Federal Circuit law rather than Seventh Circuit law is controlling, even in determining the question of whether the exercise of personal jurisdiction is proper. *Hildebrand v. Steck Manufacturing Co., Inc.*, 279 F.3d 1351, 1354 (Fed. Cir. 2002); *Red Wing Shoe Co. v. Hockerson-Halberstadt, Inc.*, 148 F.3d 1355, 1358, 47 U.S.P.Q.2D (BNA) 1192, 1194 (Fed. Cir. 1998).

The nature of the two defendants must also be considered. While Keller, as a natural person, may represent himself *pro se*, it is well settled that a corporation may not be represented *pro se*. *National Indep. Theatre Exhibitors v. Buena Vista Distrib.*, 748 F.2d 602, 609 (11th Cir. 1984); *Southwest Express Co., Inc. v. Interstate Commerce Commission*, 670 F.2d 53, 55 (5th Cir.1982). As a result, Keller's motion to dismiss for lack of personal jurisdiction and venue on behalf of Candy Sites is denied.

As for Keller's motion on his own behalf, Rule 12(b)(2) & (3) provide for dismissal of claims when the district court lacks personal jurisdiction or the venue is improper. Fed. R. Civ.

P. 12(b)(2) & (3). We address each in turn.

## A. Personal Jurisdiction

A Rule 12(b)(2) motion to dismiss requires a plaintiff to provide sufficient evidence establishing a *prima facie* case for personal jurisdiction. *Deprenyl Animal Health, Inc. v. Univ. of Toronto Innovations Found.*, 297 F.3d 1343 (Fed. Cir. 2002); *LFG, LLC v. Zapata Corp.*, 78 F. Supp. 2d 731, 734 (N.D. Ill. 1999). This burden is met where the plaintiff demonstrates that a defendant is (1) amenable to service of process and (2) that bringing the defendant into court does not offend "traditional notions of fair play and substantial justice" embodied in the Due Process Clause. *Red Wing*, 148 F.3d at 1358 (citing *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945))." *Id.* When reviewing a motion to dismiss, the court takes all jurisdictional allegations in the complaint as true unless controverted by the defendant's affidavits. *Turnock v. Cope, 816 F.2d 332, 333 (7th Cir. 1987).* Any conflicts must be resolved in favor of the plaintiff. *Id.*

A court may assert either specific or general jurisdiction over a defendant. *Helicopteros Nacionales de Colombia, SA v. Hall, 466 U.S. 408, 414, 80 L. Ed. 2d 404, 104 S. Ct. 1868 (1984).* A defendant domiciled in a forum state or who has conducted activity in such state that is "continuous and systematic" is subject to the general jurisdiction of that state. *Id.* In this case, Keller is domiciled in New Jersey and has conducted only a portion of his overall business in Illinois. Therefore, general jurisdiction cannot be established over Keller since his activities in this forum are not continuous and systematic.

Specific jurisdiction permits a court to exercise personal jurisdiction over a non-resident defendant if the defendant has established minimum contacts with a forum under the principles of *International Shoe* and its progeny. In federal cases, the plaintiff must satisfy two elements

for specific jurisdiction: (1) the plaintiff must show that the defendant is amenable to service of process; (2) the plaintiff must establish that haling defendant into court is consistent with the Fifth Amendment's due process clause. *United States v. De Ortiz*, 910 F.2d 376, 381-82 (7th Cir. 1990).

**Amenability to Process**

The Illinois long-arm statute provides for personal jurisdiction over a defendant who performs enumerated acts such as doing business within the state or committing a "tort" within the state. 735 ILL. COMP. STAT. 5/2-209(a)(1)-(2). It also provides for personal jurisdiction on "any other basis now or hereafter permitted by the Illinois Constitution and the Constitution of the United States." 735 ILL. COMP. STAT. 5/2-209(c). Because the Illinois long-arm statute reaches as far as the limits of due process, the Court need not decide whether this case fits neatly into one of the enumerated acts within the statute. It need only decide whether the exercise of personal jurisdiction over Keller comports with due process. *Red Wing*, 148 F.3d at 1355.

Amenability to service also includes actual service of process. Fed. R. Civ. P. 4. It is within the court's discretion to determine if there is good cause for failure to effect service. The determination of sufficiency of service involves consideration of circumstances and of prejudice to both the plaintiff and the defendant, with especial deference to the defendant's position. *Floyd v. United States*, 900 F.2d 1045, 1046 (7th Cir. 1990). However, as the legislative history for Rule 4 notes, "a court should not dismiss because the plaintiff has 'good cause' for not completing service" when a defendant has sought to evade that service. 1982 U.S. Code Cong. & Admin. News 4434, 4446, n. 25. This is the only enumerated "good cause" and is sufficient by itself to dismiss such a motion. *United States v. Ayer*, 857 F.2d 881 (1st Cir. 1988). Here, the plaintiff has demonstrably shown by affidavit that Keller has actively sought to avoid service.

Though, service was effectively made by laying the summons and complaint at Keller's feet[1].
Keller's responses to the plaintiff's suit indicates he has notice of it despite efforts to avoid
service. In addition to filing a response to the complaint, Keller has made a general appearance
before this court to argue the merits of his case. Given that, we cannot reward the obstructionist
tactics of a willfully and technically, though not actually ignorant, defendant by finding him not
amenable to process. *United General Title Insurance Co. v. Tyler*, 2001 U.S. Dist. LEXIS 5807
at *6 (N.D. Ill. May 4, 2001).

## Due Process

The Federal Circuit has summarized the Supreme Court's personal jurisdiction
jurisprudence, applying a three-factor test to determine whether assertion of personal jurisdiction
over an out of state defendant comports with due process. The factors are (1) whether the
defendant "purposefully directed" its activities at residents of the forum; (2), if so, whether the
claim "arises out of or relates to the defendant's activities within the forum; and (3) whether an
assertion of personal jurisdiction is "reasonable and fair." *Akro Corp. v. Luker*, 45 F.3d 1541,
1545 (Fed. Cir. 1995). The satisfaction of the first two *Akro* factors correspond to the "minimum
contacts" prong of *International Shoe Co. v. Washington*, 326 U.S. 310 (1945) and are
necessary, if not always sufficient, to determine if personal jurisdiction applies. The third *Akro*
factor completes the analysis, ensuring that "fair play and substantial justice" are served. *Burger
King Corp. v. Rudzewicz*, 471 U.S. 462, 476-77 (1985).

### a. Purposeful Availment

In determining whether personal jurisdiction is consistent with due process, the Court

---

[1] The fact that Keller's feet were in his stationary car at the time rather than on the ground is
irrelevant. *Swaim v. Moltan*, 73 F.3d 711, 715 (7th Cir. 1996).

must address whether the defendant purposefully established minimum contacts with the forum state. *CoolSavings.com, Inc. v. IQ.Commerce Corp.*, 53 F. Supp. 2d 1000, 1002 (N.D. Ill. 1999). Since the Supreme Court dispensed with the requirement of physical presence in order to establish minimum contacts in *Burger King*, the essential question in a due process analysis is whether a defendant "purposefully availed" himself of the privilege of acting in the forum state. *Burger King*, 471 U.S. at 476; *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297, 62 L. Ed. 2d 490, 100 S. Ct. 559 (1980). Are "the defendant's conduct and connection with the forum are such that he should reasonably anticipate being haled into court there." *World-Wide Volkswagen Corp.*, 444 U.S. at 297.

In considering the issue of personal jurisdiction within the context of the Internet, courts have developed a sliding scale analysis to determine what level of Internet interaction subjects a defendant to personal jurisdiction. *ZIPPO Mfg. Co. v. ZIPPO Dot Com, Inc.*, 952 F. Supp. 1119, 1124 (W.D. PA 1997); *Euromarket Designs, Inc. v. Crate & Barrel Ltd.*, 96 F. Supp. 2d 824, 837 (N.D. Ill. 2000); *School Stuff, Inc. v. School Stuff, Inc.*, No. 00 C 5593, 2001 U.S. Dist. LEXIS 23382 at *7 –8 (N.D. Ill. May 17, 2001). This analysis consists of three levels: (1) where the defendant conducts business over the Internet through its active web site ("If the defendant enters into contracts with residents of a foreign jurisdiction . . . over the Internet, personal jurisdiction is proper." *Zippo*, 952 F. Supp. at 1124.); (2) where the defendant maintains an interactive web site ("In these cases, the exercise of jurisdiction is determined by examining the level of interactivity and commercial nature of the exchange of information that occurs on the Web site." *Id.*); and (3) where the defendant maintains a passive web site, purely informative in nature. *School Stuff* at *7 – 8.

The issue presented involves the first and second levels. This Court has previously held

-7-

"that when business is clearly conducted over the Internet between a defendant and citizens of a foreign jurisdiction, the exercise of personal jurisdiction is appropriate." *School Stuff* at *9. That is the case here where Keller contracted with at least four Illinois citizens for the sale of goods. This is sufficient to establish minimum contacts. *Id.* Keller's bare assertion that he is a resident of New Jersey, and therefore not subject to personal jurisdiction in the Northern District of Illinois is not sufficient to rebut this. Nor, as whole and part owner of the companies and websites involved, can Keller claim the protection of Illinois' Fiduciary Shield Doctrine since, although he appears to be acting as an agent, he is in fact pursuing personal gain. *Brujis v. Shaw*, 876 F. Supp. 975, 980; (N.D. Ill. 1995); *Plastic Film Corp. of America, Inc. v. UNIPAC, Inc.*, 128 F. Supp. 2d 1143, 1147; 2001 (N.D. Ill. 2001). In sum, since Keller is actively engaged in selling candy to Illinois residents, he has purposefully availed himself of the privilege of conducting business in Illinois and, therefore, should reasonably anticipate being haled into court in Illinois. *World-Wide Volkswagen Corp.*, 444 U.S. at 297; *CoolSavings.com, Inc.*, 53 F. Supp. 2d at 1002-03. If such was not his intention, he should have limited his offer to only to those states in which he wished to do business.

b. Related Activity

Since Keller purposefully directed his activities to the forum state, the next question is whether the claims are related to those activities. *Akro*, 45 F.3d at 1545. In this case, the plaintiff's claims arise from or relate to defendant's alleged infringement of plaintiff's nationally protected marks, both in Illinois and throughout the country, and in the defendant's use of the plaintiff's name in multiple domain names. Defendant's alleged use of these marks will have an impact and injure the plaintiff in Illinois where defendant and plaintiff both actively sell the plaintiff's goods.

### c. Reasonableness

The last question is whether or not exercise of personal jurisdiction is reasonable and fair. *Akro*, 45 F.3d at 1545. Because this court finds that Keller has the requisite minimum contacts with Illinois under the first two factors, Keller has the burden of demonstrating a "compelling case that jurisdiction would be constitutionally unreasonable." *CoolSavings.com, Inc.*, 53 F. Supp. 2d at 1005 (quoting *Akro*, 45 F.3d at 1546).

Keller has not made any attempt to meet this burden. Meanwhile, Illinois has a strong interest in adjudicating injuries such as trademark infringement, cybersquatting and unfair trade practices in relation to corporations that are located within its borders. Even though it may impose a burden on Keller to defend a lawsuit in Illinois, the courts are not unwilling to impose such a burden upon defendants since "progress in communications and transportation has made the defense of a suit in a foreign tribunal less burdensome." *World-Wide Volkswagen Corp.*, 444 U.S. at 294. The Court finds exercise of personal jurisdiction over Keller to be reasonable and fair.

For the reasons stated above, we hold that the Court may exercise personal jurisdiction over Keller, and the Court denies Keller's motion based on this ground.

### B. Venue

Next, Keller has moved to dismiss based on improper venue. Pursuant to the federal venue statute, "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated" is proper. 28 U.S.C. § 1391(b)(2). Thus more than one venue may be proper. Keller, for the reasons set forth above, is subject to personal jurisdiction in this forum and, therefore, the Northern District is the proper venue for this lawsuit. The Court thus dismisses Keller's motion

to dismiss based on venue.

## II. Default Judgment

Brach's requests default judgment against both defendants, pursuant to Rule 55, for failure to appear, to answer, or to otherwise plead in response to Brach's complaint within 20 days of service. Fed. R. Civ. P. 55(a). The purpose of default judgment is to "ensure 'that litigants who are vigorously pursuing their cases are not hindered by those who are not' in an environment of limited judicial resources." *Swaim*, 73 F.3d at 716. No longer strongly disfavored, default judgments are still a serious step that the court must carefully consider before imposing since the results of a default judgment are not easily set aside. *Chase Int'l, Inc. v. Link and Pan of Texas, Inc.*, 1995 U.S. Dist. LEXIS 11981 at *2 (N.D. Ill. 1995). In order for a court to enter a default judgment, due process requires both that the court have jurisdiction and that the defendant have adequate notice.

Brach's perfected service on both defendants on May 16, 2003 by laying the summonses and complaints at Keller's feet, despite his continued efforts to evade service. Since, as noted above, Candy Sites can not be represented *pro se*, since jurisdiction is proper, and since no proper response has been made on Candy Sites' behalf, Brach's motion for default judgment with respect to Candy Sites is granted.

With respect to defendant Keller, refusal to grant a default judgment is proper where the defendant's delay is not great and the plaintiff has neither alleged nor actually suffered any prejudice because of the delay. *Becker v. Smith*, 554 F. Supp. 767, 768 - 769 (M.D. Pa. 1982). The plaintiff in this case has neither alleged nor actually suffered prejudice. The defendant's actions are less clear. While Keller has been recalcitrant, he did, once successfully served, contact the court requesting various extensions, ultimately appearing to argue the merits of his

case July 29, 2003. While obstructionist behavior cannot be condoned, Keller's *pro se* status merits some leniency. It must be noted, though, that leniency should not be tried too far. Accordingly, Brach's motion for default judgment against defendant Keller is denied at this time.

## CONCLUSION

For the reasons set forth above, Keller's motion to dismiss is denied (#9-1), and Brach's motion for default judgment is granted in part and denied in part. (#8– 1)

So Ordered                                    Entered.    9/23/03

Ronald A. Guzman